50336
4222

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO: | 21-03679-ESL |
|---|---|---|
| **JOSE F OLIVER RIVERA** | CHAPTER: | 13 |
| **Debtor** | | |

## OBJECTION TO CONFIRMATION OF PLAN

TO THE HONORABLE COURT:

COMES now creditor, **First Bank Puerto Rico,** hereinafter referred to as "Firstbank", by the undersigned attorney, and very respectfully alleges and prays:

1. JOSE F OLIVER RIVERA hereinafter will be referred to as "the Debtor".

2. Firstbank, is the holder in due course of a mortgage note in the principal sum of **$153,750.00** bearing interest at **6.500%** per annum (the "Note"). The indebtedness evidenced by the note is secured by a mortgage executed before the notary public **David Cardona Dingui** on **March 31, 2006**, deed number **3184** (the "Mortgage"). [Refer to Claim No. 6-1].

3. The Debtor has incurred in pre-petition arrears with Firstbank in the amount of **$108,163.06.** Also, under the terms of the Note and Mortgage the Debtor is required to continue to make monthly payments to Firstbank.

4. However, Debtor's proposed payment plan dated February 4, 2022 makes no provision as to how Firstbank's pre-petition arrears will be paid. [Refer to Docket Entry Number 10].

5. Firstbank respectfully requests from this Honorable Court to enter an order denying the confirmation of the proposed plan because it fails to provide for the payment of Firstbank's

Case No. 21-03679-ESL
*Objection to Confirmation*

---

secured claim as mandated by section 1325 of the Bankruptcy Code.

    6.    The pertinent excerpt of Section 1325 states that:

(a) Except as provided in subsection (b), the court shall confirm a plan if –
    (1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;
    (2) …
    (3) …
    (4) …
    (5) with respect to each allowed secured claim provided for by the plan –
        (A) the holder of such claim has accepted the plan;
        (B) (i) the plan provides that –
            (I) the holder of such claim retain the lien securing such claim; and
            (ii) the value as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
        (C) the debtor surrenders the property securing such claim to such holder

    7.    Specifically, Firstbank does not accept and hereby objects plan dated February 4, 2022, on the following grounds:

(a) The Debtor's payment plan makes no provision as to how Firstbank's pre-petition arrears will be paid and as such it fails to comply with section 1325 (a) (5) above cited.
(b) Debtor's plan does not satisfy the feasibility requirements of 11 U.S.C. 1325 (a) (6).
(c) Firstbank's security interest is not adequately protected during the life of the plan. The debtor proposes no minimum monthly payment to cure default on loan.
(d) The plan is insufficiently funded and lacks specificity and details as to the Debtor's intent regarding payment to Firstbank.
(e) The source of funds to pay the total plan base amount is speculative and uncertain.
(f) The Plan makes no provision as to how taxes and/or insurance for the property will be paid.
(g) Firstbank further objects to confirmation of plan pursuant to section 11 USC 1325(a)(5)(B)(iii)(I) which provides that property distributed under the plan pursuant to this subsection shall be in equal monthly amounts.
(h) The proposed plan fails to comply with other applicable provisions of Title 11.

    **WHEREFORE,** for the reasons herein stated Firstbank objects the plan and respectfully

Case No. 21-03679-ESL
*Objection to Confirmation*

---

requests that its confirmation be denied with such further relief that is proper.[1]

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 17th day of March 2022.

### NOTICE TO ALL PARTIES IN INTEREST

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise. If no response is filed within the prescribed period of time the Court may enter an order granting the relief herein requested.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants including the following: **the Trustee Alejandro Oliveras Rivera, Esq**. I hereby certify that I have mailed by United States Postal Service a copy of this motion to the following non-CM/ECF participants: **to the Debtor @ URB VILLAS CANDELERO CALLE CARDENAL 169 HUMACAO, PR 00791.**

**MARTINEZ & TORRES LAW OFFICES, P.S.C.**
P.O. Box 192938 San Juan, PR 00919-2938
Tel. (787) 767-8244 & Fax (787) 767-1183

**/s/ Sarah M. Vega Bonilla**
By: Sarah M. Vega Bonilla
USDC -PR 303503
Email: svega@martineztorreslaw.com

---

[1] Firstbank expressly reserves, and does not waive, its right to amend, modify or supplement the Objection and raise additional arguments at any hearing to consider the Debtor's Plan. Firstbank reserves the right to supplement their objections to confirmation as further revisions and amendments to the Plan surface on any grounds that governing law permits, including but not limited to the grounds included herein.